IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**EBENEZER QUAINOO, M.D.,**

    **Plaintiff**

    **v.**                                                CIVIL NO. JKB-14-674

**JAMES MCGIBNEY et al.,**

    **Defendants**

## MEMORANDUM AND ORDER

On March 7, 2014, Plaintiff Ebenezer Quainoo, M.D., filed this lawsuit claiming Defendants libeled him in a web site posting. (Compl., ECF No. 1.) A few days later, Plaintiff filed an amended complaint (ECF No. 9) and a motion to seal the entire case (ECF No. 10). The Clerk placed the case under temporary seal until the Court ruled on the motion to seal. (Dkt. Ent. 3/12/2014.) Before the motion became ripe, Plaintiff moved for a voluntary dismissal indicating he had resolved his differences with Defendants and no longer wished to pursue the matter in federal court and that the identity of John or Jane Doe had been discovered and any action against that individual would be properly pursued in state court.[1] (ECF No. 12.) The Court granted the motion and dismissed the case without prejudice. (ECF No. 13.) The Court never ruled on the motion to seal.

---

[1] Plaintiff never adequately alleged the citizenship of John or Jane Doe. *See Pinkley, Inc. v. City of Frederick, Md.*, 191 F.3d 394, 399 (4th Cir. 1999) ("the facts providing the court jurisdiction must be affirmatively alleged in the complaint" (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178 (1936)). The Court surmises that this case, purportedly resting on diversity jurisdiction, was to be pursued against John or Jane Doe in state court because of lack of diversity. Thus, the Court likely never had subject-matter jurisdiction of the case.

Periodically, the Court reviews its sealed cases to determine if they should be unsealed pursuant to judicial policies of the United States Court of Appeals for the Fourth Circuit. The Court is now considering whether the instant case should be unsealed. It is highly unlikely that the Court will seal the entire case, and it is not possible based merely upon Plaintiff's motion. The Court must follow an established procedure before determining whether a particular document should be sealed. *See generally Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 575-76 (4th Cir. 2004). Specifically, the Court must do the following:

> it must give the public notice of the request to seal and a reasonable opportunity to challenge the request; it must consider less drastic alternatives to sealing; and if it decides to seal it must state the reasons (and specific supporting findings) for its decision and the reasons for rejecting alternatives to sealing.

*Id.* at 576.

In its current, completely (but temporarily) sealed posture, the case file contains eight different filings by Plaintiff that repeat the information Plaintiff does not want public. (ECF Nos. 1, 3, 6, 7, 8, 9, 10, 12.) In addition, two Court filings (ECF Nos. 4 and 11) repeat the name of the web site defendant. Since "public notice" presupposes the public can ascertain why a sealing request has been made, and since that is impossible now, the Court must consider how adequate public notice can be given.

Because of the case's voluntary dismissal, Plaintiff may be inclined to withdraw his filings from the docket in their entirety rather than file redacted versions of those documents. If that were done, then the Court would order withdrawal from public access of Plaintiff's enumerated documents, unseal the case, seal ECF Nos. 4 and 11, and leave remaining on the public docket the Court's March 25, 2014, order granting the dismissal, this order, and any future order. In addition, because the name of the Web Site Defendant is likely to disclose the particular kind of libel to which Plaintiff objects, the Clerk would also be directed to substitute

"Web Site" for the name of the Web Site Defendant in the public docket. Plaintiff may, however, choose to file redacted documents in place of ECF Nos. 1, 3, 6, 7, 8, 9, 10, and 12 instead of withdrawing them. The choice is Plaintiff's. But the choice Plaintiff makes should address the concerns that are normally considered by the Fourth Circuit as being relevant to the decision whether to seal. *See* 386 F.3d at 575-77. And Plaintiff SHALL MAKE a suitable filing within thirty days of the date of this order that reflects Plaintiff's choice. Failure to comply with this order will result in an unsealing of the entire case.

DATED this 4th day of January, 2016.

                                             BY THE COURT:

                                             _____/s/_____
                                             James K. Bredar
                                             United States District Judge